PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ASHLEY FULTON,                          )
                                        )      CASE NO.  4:26CV0256
            Plaintiff,                  )
                                        )      JUDGE BENITA Y. PEARSON
      v.                                )
                                        )
MIKE LAMBERT,                           )      **MEMORANDUM OF OPINION**
                                        )      **AND ORDER**
            Defendant.                  )      [Resolving ECF No. 2]

      *Pro Se* Plaintiff Ashley Fulton filed the above-captioned civil case against Youngstown

Police Officer Mike Lambert.  *See* Complaint (ECF No. 1).  She did not pay the filing fee, but

instead filed  an Application to Proceed *In Forma Pauperis* (ECF No. 2).  Pursuant to 28 U.S.C.

§ 1915(a)(1), a court "may authorize the commencement, prosecution or defense of any suit,

action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security

therefor, by a person who submits an affidavit that includes a statement of all assets such

[person] possesses that the person is unable to pay such fees or give security therefor."

      Proceeding *in forma pauperis* in federal court is a privilege and not a right, and

permission to do so is committed to the sound discretion of the Court.  *Wilson v. Yaklich*, 148

F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991),

*superseded by statute on other grounds as discussed in In re Prison Litig. Reform Act*, 105 F.3d

1131, 1138 (6th Cir. 1997); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3

(W.D. Ky. Dec. 7, 2010).  An application to proceed *in forma pauperis* is properly denied when

(4:26CV0256)

the litigant fails to provide required information concerning her expenses and financial obligations, such that the court may make a determination as to her ability to pay the filing fee. *Flippin v. Coburn*, 107 Fed.Appx. 520, 521 (6th Cir. 2004).  In addition to bearing the burden of demonstrating that she should be granted *in forma pauperis* status, a litigant seeking not to pay the filing fee has "an obligation of truthfulness" in her filings.  *Givens v. Shadyside Police Dept.*, No. 2:22-cv-4268, 2023 WL 3089066, at *5 (S.D. Ohio April 26, 2023), *report and recommendation adopted*, No. 2:22-cv-04268, 2023 WL 3868394, at *1 (S.D. Ohio June 7, 2023).  Denial of an application is warranted when a litigant fails to "answer straightforward questions" about her financial circumstances or provides inconsistent or unclear information. *Givens*, 2023 WL 3868394, at *1.

Here, the Court does not find that Plaintiff has provided valid and sufficient information regarding her financial circumstances sufficient to justify granting her leave to proceed *in forma pauperis*.  First, despite clear instruction on page 1 of the AO 239 Application to Proceed *In Forma Pauperis* (the long form) that an applicant should "not leave any blanks," Plaintiff left completely blank large sections of her application.  *See* ECF No. 2 at PageID #: 13-14, ¶¶ 2-6.  In addition, the information she has provided on its face is implausible.  Plaintiff indicates she has no assets or financial resources of any kind, but Plaintiff indicates she has $3,600 in total monthly expenses, *see* ECF No. 2 at PageID #: 15-16, ¶ 8, with no explanation as to how those expenses are paid.

Because Plaintiff's representations on the form appear implausible, or that she has not made a sincere and truthful effort to fill out the form, her Application to Proceed *In Forma*

2

(4:26CV0256)

*Pauperis* (ECF No. 2) is denied, and this action is dismissed without prejudice.  Plaintiff may

move to reopen this case within thirty (30) days of the date of this Memorandum of Opinion and

Order by filing a Motion to Reopen along with either (1) payment of the full $405.00 filing fee or

(2) a new, complete AO 239 Application to Proceed *In Forma Pauperis* (the long form)

demonstrating she meets the criterion of poverty.  The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that an appeal from this decision could not be taken in good faith.


     IT IS SO ORDERED.


   June 30, 2026                        */s/ Benita Y. Pearson*
Date                               Benita Y. Pearson
                                   United States District Judge